IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-426-CR




CHARLES BAILEY, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0911573, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder. Tex. Penal Code Ann. § 19.02 (West
1989). The district court assessed punishment at imprisonment for forty-eight years.

 In his first point of error, appellant contends the court erred by permitting the wife
of the deceased to remain in the courtroom after the witness rule was invoked. Tex. R. Crim.
Evid. 613. The State urged, and the court ruled, that she was exempt from the rule as the victim
of the offense. Id. Rule 613 states that the court "shall order witnesses excluded" at the request
of a party. The rule exempts certain witnesses, including "the victim, unless the victim is to
testify and the court determines that the victim's testimony would be materially affected if the
victim hears other testimony at the trial." The rule does not define the term "victim," but
appellant argues that it should not be interpreted to include survivors of the deceased in a murder
case.

 The Court of Criminal Appeals recently wrote, in a case decided under rule 613,
that enforcement of the witness rule is within the discretion of the trial court. Cooks v. State, No.
70,772 (Tex. Crim. App. Sept. 16, 1992). In Cooks, a capital murder case, the court held that
it was not an abuse of discretion to permit the widow of the deceased to remain in the courtroom. 
We likewise conclude that the district court did not abuse its discretion by exempting the
deceased's wife from the witness rule. Her testimony was brief. She identified a photograph of
the deceased and testified that he was alive the last time she saw him, two weeks before the
murder. Clearly, this testimony was not materially affected by hearing the other testimony at
trial. For the same reason, any error in exempting the witness from the rule was harmless beyond
a reasonable doubt. Tex. R. App. P. 81(b). Point of error one is overruled.

 In his other point of error, appellant complains of this argument by the prosecutor
at the guilt stage:



 Yesterday when Tony Walker came into this courtroom and he testified
regarding seeing this defendant shoot Courtney Spencer he did a lot for himself. 
He did a lot for the community that he lives in and he did a lot for us. . . . He
also testified from the stand that -- or at least through his statement that was given
to Sergeant Rush that he was afraid of the defendant. He was afraid of the
defendant's family.


 Well, that stands to reason. If three of the four defendant's brothers are in
the Texas Department of Corrections or penitentiary --



Appellant objected that it did not "stand to reason" that the witness was afraid of appellant's
brothers because they were in prison. The objection was overruled. Appellant argues that there
is no evidence that his brothers are violent people and that the argument invited the jury to convict
him on the basis of his brothers' criminal records.

 Walker testified that he grew up with appellant and was afraid of him. Officer
Rush testified that Walker told him that he was afraid of what appellant or his family might do to
him if he testified. Appellant's mother testified that three of appellant's four brothers were in
prison. We believe that it was a reasonable deduction from this evidence that Walker's fear of
appellant's family members was based, in part, on their prison records. The second point of error
is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: October 14, 1992

[Do Not Publish]